IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT WILLIAM MONTGOMERY,<br><br>Petitioner,<br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br><br>Respondent. | MEMORANDUM DECISION AND<br>ORDER DISMISSING CASE<br><br><br><br>Civil Case No. 2:05-CV-1049 TS<br>Criminal Case No. 2:03-CV-801 TS |

On December 20, 2005, the Court construed a series of letters submitted by Defendant in his underlying criminal case[1] as brought pursuant to 28 U.S.C. § 2255, and opened the instant civil case.[2]  In the course of doing so, the Court also denied Defendant's request for his deceased wife's medical records.[3]

In response to the Court's actions, Petitioner declined to have his letters construed as a § 2255 motion, and requested that the Court dismiss the instant action, without prejudice.

[1] Docket No. 76 in Case No. 2:03-CR-801 TS.

[2] 2:05-CV-1049 TS.

[3] Docket No. 2 in Case No. 2:05-CV-1049 TS, at 2-3.

1

Petitioner cited his right to withdraw the construed Motion, and stated that he "does not wish to challenge his judgment or sentence."[4]  Petitioner clarified that he was simply attempting to obtain the above-referenced medical records in an attempt "to show that several of the witnesses at the sentencing hearing committed perjury."[5]

Having considered the pleadings and the procedural history of both the criminal and civil cases, the Court will dismiss this action, for the following reasons.  First, Petitioner has sought the withdrawal and/or dismissal of this case.  Second, Petitioner's request for the medical records was denied in the Court's initial December 20, 2005 Order.  Third, at the November 6, 2006 re-sentencing in the underlying criminal case, it was indicated that Petitioner was able to secure the medical records at issue directly from the hospital.  Fourth, the issues presented in Petitioner's September 1, 2006 Request for Contempt Order[6] regarding his allegations of perjury were raised by his criminal defense counsel at the above-referenced re-sentencing hearing, and disposed of by the Court at that time.  Finally, the Court has ruled in both this civil case, and in the underlying criminal case, that the testimony which Petitioner alleges was perjured is irrelevant to any determinations before it, rendering any remaining issues in this case moot.

Therefore, based upon the above, it is hereby

ORDERED that this case is DISMISSED.

The Clerk of Court is directed to close this case forthwith.

---

[4] Docket No. 3 in Case No. 2:05-CV-1049 TS, at 2.

[5] *Id.*

[6] Docket No. 4 in Case No. 2:05-CV-1049 TS.

SO ORDERED.

DATED this 9th day of November,  2006.

BY THE COURT:

_____
TED STEWART
United States District Judge